J-A34001-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHNNY MARCELLUS COLLINS | |
| Appellant | No. 631 MDA 2015 |

Appeal from the Judgment of Sentence July 25, 2012
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0006085-2010

BEFORE: PANELLA, J., OTT, J., and JENKINS, J.

MEMORANDUM BY PANELLA, J.                    **FILED FEBRUARY 19, 2016**

Appellant, Johnny Marcellus Collins, appeals *nunc pro tunc*[1] from the judgment of sentence entered July 25, 2012, after he was convicted on various charges, including possession of crack cocaine with intent to deliver ("PWID"). Collins contends that the evidence obtained during his arrest should have been suppressed due to a violation of the Municipal Police Jurisdiction Act ("MPJA"). We conclude that the "hot pursuit" exception applied, and that therefore the arrest was legal under the MPJA. We thus affirm the judgment of sentence.

_____

[1] Collins's direct appeal rights were restored *via* a Post Conviction Relief Act petition on March 20, 2015, and Collins filed this appeal on April 7, 2015. However, the trial court did not enter the order on the docket until June 23, 2015. Therefore, Collins's notice of appeal is treated as being timely filed on June 23, 2015. *See* Pa.R.A.P. 905(a)(5).

On appeal, Collins's sole argument is that the trial court erred in failing to suppress evidence obtained during his arrest. We review the denial of a motion to suppress physical evidence as follows.

> Our standard of review in addressing a challenge to a trial court's denial of a suppression motion is limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct.
>
> [W]e may consider only the evidence of the prosecution and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the record supports the findings of the suppression court, we are bound by those facts and may reverse only if the court erred in reaching its legal conclusions based upon the facts.
>
> Further, [i]t is within the suppression court's sole province as factfinder to pass on the credibility of witnesses and the weight to be given their testimony.

**Commonwealth v. Houck**, 102 A.3d 443, 455 (Pa. Super. 2014) (internal citations and quotations omitted).

The Commonwealth presented the following evidence at the hearing on Collins's pre-trial motion. Detective Jason Paul of the Harrisburg City Vice Unit contacted Detective Corey Dickerson of the Dauphin County Drug Task Force with a tip that Collins would be selling crack cocaine at a specific location in Harrisburg. **See** N.T., Suppression Hearing, 9/20/11, at 36. Detective Dickerson later informed detective Paul that he had arranged for a confidential informant to make a purchase from Collins on September 16, 2010. **See id**., at 36-37. Detective Dickerson completed the necessary

paperwork, and turned the case file over to Detective Paul for any further actions. *See id*., at 37.

A little over a month later, a confidential informant told Detective Paul that he had seen Collins with a large amount of crack cocaine and a weapon in a gold Oldsmobile. *See id*., at 38. The informant also supplied the license plate number of the vehicle. *See id*., at 38-39.

Detective Paul spent the morning searching for Collins, eventually finding the Oldsmobile in the neighborhood where he knew Collins's mother lived. *See id*., at 41. After he circled in his unmarked vehicle to reach a spot from which to surveil the Oldsmobile, he discovered that it had already pulled out and left. *See id*., at 42. Detective Paul was not able to immediately locate the Oldsmobile again. *See id*.

Detective Paul then met with Officer Tyrone Meik from the Harrisburg Bureau of Police and requested that Officer Meik arrest Collins if he was seen. *See id*., at 42-43. After returning to the streets, Detective Paul was able to locate the Oldsmobile in the same area that the confidential informant had purchased crack cocaine from Collins. *See id*., at 43. He observed a white male and a black male standing next to the Oldsmobile, engaged in what Detective Paul believed to be a crack cocaine transaction. *See id*., at 43-44.

Detective Paul contacted Officer Meik and requested his assistance to pull over the Oldsmobile. *See id*., at 45. While he was contacting Officer

Meik, the Oldsmobile pulled out and left the area. *See id*. He proceeded to follow the Oldsmobile until Officer Meik arrived. *See id*. Shortly thereafter, the Oldsmobile left Harrisburg and entered Swatara Township. *See id*.

Detective Paul contacted the Swatara communication center to alert them to his presence. *See id*. At that time, the Oldsmobile pulled into a local restaurant. *See id*., at 45-46. Officer Meik and Detective Paul then blocked the Oldsmobile and proceeded to arrest Collins. *See id*., at 46. Upon searching Collins, they located one bag of marijuana and three bags of crack cocaine. *See id*., at 46-47.

Collins argues that since the stop and arrest occurred in Swatara Township, neither Officer Meik nor Detective Paul had jurisdiction. The statewide MPJA provides, in relevant part, as follows:

> **(a) General rule.--**Any duly employed municipal police officer who is within this Commonwealth, but beyond the territorial limits of his primary jurisdiction, shall have the power and authority to enforce the laws of this Commonwealth or otherwise perform the functions of that office as if enforcing those laws or performing those functions within the territorial limits of his primary jurisdiction in the following cases:
>
> …
>
> > (3) Where the officer is in hot pursuit of any person for any offense which was committed, or which he has probable cause to believe was committed, within his primary jurisdiction and for which the officer continues in fresh pursuit of the person after the commission of the offense.

42 Pa.C.S.A. § 8953(a)(3). The "hot pursuit" exception contained in subsection 3 requires that some investigation and tracking of the suspect

occur, and that pursuit be immediate, continuous and uninterrupted. *See* *Commonwealth v. Peters*, 965 A.2d 222, 225 (Pa. 2009) (footnote omitted). If the officer is found to have acted outside his jurisdictional authority the exclusionary rule may apply and any evidence obtained by the officer may be suppressed, even if the officer acted in good faith or his or her actions would have been lawful if performed within his jurisdiction. *Commonwealth v. Brandt*, 691 A.2d 934, 939 (Pa. Super. 1997).

However, the MPJA is to be liberally construed "to promote public safety while maintaining police accountability to local authority; it is not intended to erect impenetrable jurisdictional walls benefit[ing] only criminals hidden in their shadows." *Peters*, 965 A.2d at 225 (citation and quotation marks omitted). Thus, the "hot pursuit" exception does not mandate a "fender smashing Hollywood style chase scene. Hot pursuit simply requires a chase." *Commonwealth v. McPeak*, 708 A.2d 1263, 1266 (Pa. Super. 1998) (citations and quotations omitted). The Supreme Court of Pennsylvania has held that an investigation of an abandoned vehicle involved in an accident that utilized extraneous evidence to locate the missing driver an hour later satisfied the "hot pursuit" exception. *Peters*, 965 A.2d at 225-226.

Collins argues that there was no "hot pursuit" in this case, highlighting the fact that he never actually fled from police, the disjointed nature of

Detective Paul's pursuit, and the staleness of the controlled purchase by the confidential informant employed by Detective Dickerson.

We conclude that the trial court's finding that Detective Paul was in hot pursuit is supported by the evidence presented at the suppression hearing. Detective Paul had authority to arrest Collins on sight due to the information relayed by Detective Dickerson. When Detective Paul located the Oldsmobile he had reason to believe contained Collins, he began following the vehicle. He radioed for assistance from a marked police cruiser, and followed the Oldsmobile out of his jurisdiction. When the Oldsmobile pulled into a parking lot, Detective Paul and Officer Meik immediately initiated the arrest.

While it is true that there was not a true "chase," as Collins was unaware of their pursuit, there is certainly sufficient evidence to establish that Detective Paul's pursuit of Collins was initiated within his own jurisdiction and was immediate, continuous, and uninterrupted after he had located the Oldsmobile for the last time. Thus, there was no error in the trial court's conclusion that the "hot pursuit" exception in the MPJA applied, and Collins's sole argument on appeal merits no relief.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/19/2016